# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LESLIE A. STORCH,                                   Case No. 1:22-cv-724
     Plaintiff,                                    Cole, J.
                                                    Litkovitz, M.J.

     vs.

CHRISTOPHER & BANKS, et al.,                        **REPORT AND**
     Defendants.                                  **RECOMMENDATION**

     Plaintiff Leslie Storch, proceeding pro se, initiated this lawsuit in the Hamilton County,

Ohio Court of Common Pleas against the United States Bankruptcy Court for the District of New

Jersey, Flaster Greenbaum PC, and her "former employer, Christopher & Banks requesting

$250,000.00 for compensation." (Doc. 3 at PAGEID 15). Plaintiff alleges she suffered a stroke

while she was working and was unable to call 911 because employees were not permitted to have

cell phones and the store was not equipped with alarms. (*Id.*). On December 7, 2022, defendant

United States Bankruptcy Court for the District of New Jersey filed a notice of removal to this

Court pursuant to 28 U.S.C. §§ 1442 and 1446. (Doc. 1). On February 23, 2023, plaintiff filed a

notice of voluntary dismissal of "all claims against the United States Bankruptcy Court for the

District of New Jersey without prejudice." (Doc. 5).

     As background, in the state court case, plaintiff sent a summons by certified mail to

Christopher & Banks on November 3, 2022. *Leslie Storch v. Christopher & Banks*, Case No.

A2203962 (Hamilton County Court of Common Pleas). On December 21, 2022, Douglas

Stanger, Bankruptcy Trustee for Christopher & Banks, filed a letter on the state court's docket

explaining that Christopher & Banks "filed for Chapter 11 Bankruptcy on January 13, 2021."

(*Id.*). Mr. Stanger stated the bankruptcy "case was then converted to Chapter 7 on April 13,

2021, under consolidated Case No. 21-10269-ABA and CB ceased operating on that date. In

light of the Debtor's Chapter 7 bankruptcy, please be advised that the automatic stay is in effect pursuant to 11 U.S.C. §362(a)." (*Id*.).

The bankruptcy case involving Christopher & Banks remains pending in the United States Bankruptcy Court for the District of New Jersey. *In re CB Wind-Down Corp*., Case No. 1- 10269-ABA (D. N.J.). On March 27, 2023, attorney Robert Braverman appeared on behalf of Ms. Storch in the pending bankruptcy matter involving Christopher & Banks and filed a notice of motion to vacate the automatic stay on the limited basis to pursue any applicable insurance. (*Id*., Doc. 581). On April 25, 2023, United States Bankruptcy Court Judge Andrew Altenburg Jr. granted Ms. Storch's motion to vacate the automatic stay. (*Id*., Doc. 582). In granting the motion to vacate the automatic stay, Judge Altenburg Jr. stated as follows:

> This Court having considered the Motion of Leslie Storch Relief to Vacate the Automatic on a Limited Basis to Pursue Any Applicable Insurance; the Court having determined that good and adequate cause exists for approval of the Stipulation; and the Court having determined that no further notice must be given; it is hereby ORDERED that:
>
> 1. Leslie Storch has relief from the automatic stay for the limited purpose of enabling her to proceed with litigation nominally against the Debtors to pursue any applicable insurance for her personal injury case (the "Personal Injury Case").
>
> 2. Leslie Storch's recovery, if any, in the Personal Injury Case by judgment or settlement, against the Debtors or otherwise shall be funded solely from the proceeds of applicable insurance and not by the Debtors, the Debtors' estates or the Chapter 7 Trustee, Douglas S. Stanger (the "Trustee").
>
> 3. Absent further Order of this Court, Leslie Storch shall not seek to compel the Trustee or the Debtors' estates, nor shall the Trustee or Debtors' estates be required to take any action in the Personal Injury Case including: (a) answer or otherwise respond to the complaint; (b) file any pleadings; (b) participate in any discovery or (c) take any other action in the Personal Injury Case.

(*Id*.).

As indicated above, the United States Bankruptcy Court for the District of New Jersey

removed this action pursuant to 28 U.S.C. § 1442(a)(1), which permits removal by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . ."  28 U.S.C. § 1442(a)(1).  After this action was removed, plaintiff voluntarily dismissed the United States Bankruptcy Court for the District of New Jersey.  (Doc. 5).  "Once the federal party has been 'dismissed from [a] case which has been removed under [the] rule permitting removal of suits brought against officers or agencies of [the] United States, a federal district court has the power either to adjudicate remaining state claims or remand to state court.'" *Johnson v. Conley*, No. 12-18, 2012 WL 1947330, at *4 (E.D. Ky. May 30, 2012) (quoting *Estate of Guzik ex rel. Guzik v. Mahmud*, No. 09-cv-0657, 2009 WL 1844317, at *1 (W.D. Pa. June 26, 2009)).

On May 15, 2023, the Court issued an Order to plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not remand this matter to the Hamilton County Court of Common Pleas given the dismissal of the United States Bankruptcy Court for the District of New Jersey as a defendant.  (Doc. 7).  On June 1, 2023, plaintiff filed a response to the show cause order that failed to address why this Court should retain jurisdiction over her lawsuit.  (Doc. 8).  Rather, plaintiff reiterated the allegations as stated in her complaint and explained that she intended to "file for damages" she allegedly incurred as a result of her workplace injury.  (*Id*.).

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S.

3

626, 630-31 (1962)).  The voluntary dismissal of the United States Bankruptcy Court for the District of New Jersey as a defendant warrants exercise of the Court's power to remand this matter to the Hamilton County Court of Common Pleas.  *Johnson*, 2012 WL 1947330, at \*4 (quoting *Estate of Guzik*, 2009 WL 1844317, at \*1).

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **REMANDED** to the Hamilton County Court of Common Pleas.  *See* 28 U.S.C. § 1447(c).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).


Date: 6/5/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LESLIE A. STORCH,                                Case No. 1:22-cv-724
       Plaintiff,                              Cole, J.
                                         Litkovitz, M.J.

       vs.

CHRISTOPHER & BANKS, et al.,
       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).