UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESLIE A. STORCH,

      Plaintiff,

   v.

CHRISTOPHER & BANKS, *et al.*,

      Defendants.

Case No. 1:22-cv-724
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

Plaintiff Leslie Storch, proceeding pro se, sued in the Hamilton County, Ohio, Court of Common Pleas, naming Christopher & Banks, Flaster Greenbaum PC, and the United States Bankruptcy Court for the District of New Jersey as defendants. (Doc. 3). Storch claims that she suffered a stroke while working at a Christopher & Banks store and laid on the floor unattended for more than twelve hours. (*Id.*). She named the Bankruptcy Court because Christopher & Banks has a pending bankruptcy proceeding in the District of New Jersey.[1] The Bankruptcy Court removed this case under 28 U.S.C. §§ 1442 and 1446. (Doc. 1). Storch then voluntarily dismissed the Bankruptcy Court. (Doc. 5).

In response to Storch's dismissal of the removing party, the Magistrate Judge ordered Storch to show cause why this case should not be remanded to state court. (Doc. 7). Storch responded but only to discuss the merits of her claim. (Doc. 8). The

---

[1] How Flaster Greenbaum PC relates to the case is unclear from the Complaint (and the rest of the docket).

Magistrate Judge then issued a Report & Recommendation (R&R) recommending that this Court remand the case. (Doc. 9).

The R&R also advised the remaining parties that failure to object within fourteen days may result in forfeiture of certain rights, including the right to district court review. (*Id.* at #34). *See Thomas v. Arn*, 474 U.S. 140, 152 (1985); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). No party objected. Still, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

No such error exists. Storch voluntarily dismissed the only federal party, the party whose inclusion was what gave rise to removal jurisdiction in the first instance. That leaves only Christopher & Banks and Flaster Greenbaum PC as defendants. "[I]f a federal party is eliminated from the suit after removal ... the district court retains the power either to adjudicate the underlying state law claims or to remand the case to state court." *In re Jenkins Clinic Hosp. Found., Inc.*, 861 F.2d 720 (6th Cir. 1988); *see also D.C. v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985). Since all that remains here is what looks like a state-law tort claim between a claimant and her former employer, the right call is to remand this case.

The Court thus **ADOPTS** the R&R (Doc. 9) in full. The Court **REMANDS** the matter to the Hamilton County Court of Common Pleas. And the Court **DIRECTS**

the Clerk to **TERMINATE** this matter on the Court's docket. The Court certifies that an appeal of this Order would not be taken in good and faith and therefore **DENIES** plaintiff leave to appeal in forma pauperis.

    **SO ORDERED.**

| | |
|---|---|
| July 25, 2023 | |
| **DATE** | **DOUGLAS R. COLE**<br>**UNITED STATES DISTRICT JUDGE** |